**GARY J. NELSON, CA Bar No. 184651**
gnelson@lrrc.com
**G. WARREN BLEEKER, CA Bar No. 210834**
wbleeker@lrrc.com
**DREW WILSON, CA Bar No. 283616**
dwilson@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiffs,
Moki International (USA) Inc.,
and Moki International Pty. Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOKI INTERNATIONAL (USA) INC., a California corporation, and MOKI INTERNATIONAL PTY. LTD., an Australia limited liability company,<br><br>　　　　　　Plaintiffs,<br><br>　　　　vs.<br><br>JACOB ERYAMI, an individual, JARA CORPORATION, a California corporation, and EASY BUYS ELECTRONICS, INC., a California corporation,<br><br>　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>1. **COPYRIGHT INFRINGEMENT**<br>2. **TRADE DRESS INFRINGEMENT (LANHAM ACT §43(A))**<br>3. **FALSE DESIGNATION OF ORIGIN (LANHAM ACT §43(A));**<br>4. **UNFAIR COMPETITION (CAL. BUSINESS & PROFESSIONS CODE § 17200)**<br>5. **COMMON LAW UNFAIR COMPETITION/PASSING OFF**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiffs Moki International (USA) Inc. and Moki International Pty. Ltd., ("Moki" or "Plaintiffs"), by and through their attorneys, assert this Complaint against Defendants Jacob Eryami, Jara Corporation, and Easy Buys Electronics, Inc. (collectively "Jara" or "Defendants") as set forth below.

## THE PARTIES

1. Moki International (USA) Inc. is a California LLC with its principal place of business located in Woodland Hills, California.

2. Moki International Pty. Ltd. is an Australian Proprietary Limited company with its principal place of business located in Victoria, Australia.

3. Upon information and belief, Jacob Eryami is a resident of Northridge, California.

4. Upon information and belief, Jara Corporation is a California corporation with its principal place of business located in Northridge, California.

5. Upon information and belief, Easy Buys Electronics, Inc. is a California corporation with its principal place of business located in Northridge, California.

## JURISDICTION AND VENUE

6. This is an action for copyright infringement arising under the Copyright Laws of the United States, 17 U.S.C. § 101 *et. seq.*, trademark and trade dress infringement under the Lanham Act 15 U.S.C. § 1125 *et. seq.*, and for state law claims for unfair competition.

7. This Court has original jurisdiction over the federal claims pursuant to, *inter alia,* 28 U.S.C. §§ 1331 and 1338(a). The state law claims in this action arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding. Accordingly, this court has supplemental jurisdiction over Moki's state law claims pursuant to 28 U.S.C. § 1367.

## FACTUAL BACKGROUND

### Moki's History and Product Line Development

8. Moki was founded in 2011 under the original name Redroks International Pty Ltd.

9. In late 2011 to early 2012, Moki changed its name to Moki International Pty Ltd. This was to coincide with a rebranding of its products from "MOSHI" to "MOKI". During the rebranding the design of the packaging was retained.

10. Through its careful selection of suppliers and goods, close attention to design, packaging, branding and quality, Moki quickly became a leader in low to mid-price portable electronic devices.

11. Moki's primary product line focused on portable audio products. Moki developed products that included headphones which are designed to be worn either on the ear or over the ear, earphones which are designed to be worn in the ear, and external speakers.

## Development of the Moki's Volume Limited Headphones

12. Exposure to volume over 85 decibels has the potential to cause hearing loss over time. The possibility of damage is directly related to the amount of exposure a user receives. The louder the volume, the shorter the exposure required to cause permanent damage.

13. Because the decibel system is logarithmic as opposed to linear, every increase in volume by 3 decibels *doubles* the sound pressure.

14. With the release of high powered digital audio players such as the iPod during the early 2000s, children were frequently listening to the devices at unsafe levels, as a MP3 player at maximum volume was capable of producing 105 decibels of sound, which is 100 times louder than the minimum volume required to cause hearing damage.

15. Moki gave consideration to the technologies that had been developed for the purpose of limiting volume to safe levels and had headphones made to its specifications, using a design that was limited to 89 decibels, thus ensuring protection from all but the longest of exposures, while at the same time guaranteeing that the headphones would be loud enough to create an enjoyable

experience across even lower power music devices.

16. Moki's in-house designers created a distinct product packaging for the volume limited headphones that would appeal to the target market of children, while at the same time informing parents of the headphones' features, including identification of compatible products, cable length, the impedance of the drivers, plug size, and volume level.



**Front**            **Back**

17. The packaging itself, including all of the artwork on the packaging and its layout, was designed by Moki employees within the ordinary scope of their employment.

18. Moki then supplied the artwork and design for the packaging to its Chinese manufacturer, Leyang Electronics Factory.

**Sales of Moki's Products in the US and Protecting Its Rights**

19. Moki first began selling its volume limited headphones with its proprietary packaging in the United States in 2011.

20. Since that time, the product packaging has not significantly changed, and has acquired secondary meaning through Moki's extensive nationwide sales at retail stores and through Internet vendors such as Amazon.com. Moki's

volume limited headphones retail for just over $20. An image of one of Moki's volume limited headphones and proprietary packaging for sale on Amazon.com, is attached as Exhibit A.

21. In addition to the secondary meaning acquired by the product packaging, one of the symbols on the front of the packaging, that of a broken lined circle surrounding the drawing of a young child with a smile on his face, and a "3+" listing below that image, has also acquired secondary meaning, and serves as a trademark for Moki's volume limited line of headphones.



22. Moki protected this unique packaging in the United States by obtaining federal Copyright Registration No. VA1-978-492. A copy of the VA1-978-492 Registration is attached as Exhibit B.

### Defendants' Infringing Products

23. Moki alleges on information and belief that Defendants, competitors in the value priced audio market, first sold a set of volume limited headphones with nearly identical packaging to Moki's, in or about Spring of 2014.

24. Defendants' packaging is nearly identical, and incorporates both Moki's copyrighted designs, along with the unique source identifying characteristics of the packaging.

25. On the front, the packages are very similar. Both have a distinctive balloon shape white insert that sits on the inside of the headphones. The bottom

and sides of the packaging surrounding the ear cups have the exact same angled cuts that allows the clear packaging to show through. The phrase "KIDS HEADPHONES" appears in the exact same font and in the exact same location. In the middle of the packaging between the two ear cups, the exact same circular emblem appears. Inside the emblem appears the exact same child's face with the number "3+" in the same position below.




Moki's Packaging            Defendants' Infringing Packaging




Moki's Logo            Defendants' Infringing Logo

26. The back of the packaging is also virtually identical. Beginning at the top, Defendants' products include the words "MUSIC FOR FUN" in the same font and in the same position as where Moki includes "MUSIC TO GO." Defendants describe their products as "Volume Limited Kids Headphones" in the

-6-

LEWIS ROCA ROTHGERBER
CHRISTIE LLP

exact same font, in the exact same green hue, and using the same words that Moki uses to describe its products. In the middle of the packaging, Defendants include a set of 6 symbols that highlight the features of the headphones, such as the size of the drivers, the decibel level to which its products are attenuated, the frequency response, the length of the cable, and the size of the plug. In each instance, Defendants use the very symbols and configuration of symbols that Moki's designers created and copyrighted. Defendants' symbols are encased in the same green bordered box as Moki's. Finally, Defendants include the exact same set of 8 symbols demonstrating the headphone's features and compatibility, all of which were designed and copyrighted by Moki, and appear in an identical location and configuration as Moki's packaging.

   

**Moki's Packaging**  **Defendants' Infringing Packaging**

27. On April 8, 2015, Moki's Australian counsel sent Defendants a cease and desist letter identifying its infringement and demanding, among other things, that it immediately change its packaging. A copy of this letter is attached as Exhibit C.

28. Defendants ignored this letter. On September 18, 2015, U.S. counsel for Moki sent Defendants a follow up cease and desist letter identifying Defendants' infringement and reiterating the demands. A copy of this letter is

attached as Exhibit D.

29. In response, Defendants only changed the child's face logo to one that is still similar and confusing, and Defendants removed the "KIDS HEADPHONES" phrase from the front of the packaging.

30. Defendants' packaging, therefore, remained largely the same.

   

**Moki's Packaging**　　　　　　　　　　　　**Defendants' Infringing Packaging**

   

**Moki's Logo**　　　　　　　　　　　　**Defendants' Infringing Logo**

31. The back of the packaging remains virtually identical.

LEWIS ROCA ROTHGERBER
CHRISTIE LLP

-8-

 

**Moki's Packaging**          **Defendants' Infringing Packaging**

32. Defendants' infringing products are offered for sale at many of the same retail outlets as Moki's products, including Amazon.com. A copy of one of Defendants' infringing products sold on Amazon.com is attached as Exhibit E.

33. Moki alleges on information and belief that Defendants' infringement of Moki's trademarks and copyrights was done willfully and with the intent to cause consumer confusion.

34. Moki alleges on information and belief that Defendants were well aware of Moki's packaging when they first released their own, as Moki's packaging had been on the market for almost three years prior to Defendants releasing their own.

35. Moki alleges on information and belief that Defendants also had access to Moki's packaging because Defendants purchase their products from the same factory as Moki: Leyang Electronics Factory.

36. Moki alleges on information and belief that Defendants' owner Jacob Eryami controlled the design and selection of Defendants' product packaging. It was at his direction that Defendants selected the packaging that infringes Moki's copyright and trademarks.

-9-

# COUNT I

## (Copyright Infringement as to all Defendants)

37. Moki repeats and realleges the allegations of paragraphs 1 through 36 of the Complaint as if fully set forth here.

38. Moki is the owner of U.S. Copyright Registration No. VA1-978-492 for the 2D Artwork ("the Copyrighted Work") that appears on Moki's volume limited headphone product packaging.

39. At no time has Moki authorized Defendants to use, reproduce, adapt, distribute, manufacture, or sell the Copyrighted Work.

40. Defendants had access to the copyrighted artwork on Moki's volume limited headphone packaging before they designed their infringing product packaging.

41. Defendants deliberately copied Moki's distinctive and proprietary package designs and succeeded in creating package designs that are virtually identical to Moki's copyrighted package designs.

42. Defendants have infringed the Copyrighted Work by causing infringing and unauthorized copies of the Copyrighted Work or substantially similar derivative works to be imprinted on Defendants' packaging and manufactured, advertised, displayed, and/or sold, all without Moki's consent.

43. Moki alleges on information and belief that Defendants' infringement was and is willful.

44. Moki has sustained substantial injury, loss, and damage to its ownership rights in its Copyrighted Works as a direct result of Defendants' infringement.

45. Further irreparable harm to Moki is imminent as a result of Defendants' conduct, and Moki is without an adequate remedy at law. Moki is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with Defendants

from engaging in further infringement.

46. Moki is further entitled to recover from Defendants the damages sustained by Moki as a result of Defendants' infringement. Moki is presently unable to ascertain the full extent of monetary damages it has suffered. In the alternative, Moki is entitled to statutory damages.

47. Moki is further entitled to recover any gains, profits and advantages Defendants has obtained as a result of its infringement.

48. Moki is further entitled to recover of its attorney's fees.

## COUNT II

**(Trade Dress Infringement Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) as to all Defendants)**

49. Moki repeats and realleges the allegations of paragraphs 1 through 48 of the Complaint as if fully set forth here.

50. Moki is the owner of valuable and protectable trademark rights in the design of its product packaging for its volume limited headphones, as identified and shown above.

51. Through extensive sales and advertising since 2011, this product packaging has gained secondary meaning and has become associated with Moki in the mind of relevant consumers, and is protectable trade dress.

52. Moki's trade dress is not functional, but is instead ornamental and distinctive.

53. The above described acts of Defendants constitute trade dress infringement in violation of 15 U.S.C. § 1125(a). Defendants have used Moki's distinctive trade dress on Defendants' own packaging of identical or similar products in a way that is likely to cause confusion, mistake and deception among the public and the trade, who will be led to erroneously and mistakenly conclude that Defendants' products are somehow associated or affiliated with Moki when in fact they are not.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

54. Moki alleges on information and belief that Defendant's infringement was and is willful.

55. Further irreparable harm to Moki is imminent as a result of Defendants' conduct, and Moki is without adequate remedy at law. Moki is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with Defendants from engaging in further infringement.

56. Moki is further entitled to recover from Defendants the damages sustained by Moki as a result of Defendants' infringement. Moki is presently unable to ascertain the full extent of monetary damages it has suffered.

57. Moki is further entitled to recover any gains, profits and advantages Defendants has obtained as a result of its infringement.

## COUNT III

### (Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) as to all Defendants)

58. Moki repeats and realleges the allegations of paragraphs 1 through 57 of the Complaint as if fully set forth here.

59. Moki is the owner of a trademark consisting of a broken line circle with the caricaturized image of a child inside of it with "3+" just below the image of the child.

60. The above described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1125(a). Defendants have used Moki's distinctive trademark on Defendants' own packaging of identical or similar products in a way that is likely to cause confusion, mistake and deception among the public and the trade, who will be led to erroneously and mistakenly conclude that Defendants' products are somehow associated or affiliated with Moki when in fact they are not.

61. Moki alleges on information and belief that Defendants'

LEWIS ROCA ROTHGERBER CHRISTIE LLP

infringement was and is willful.

62. Further irreparable harm to Moki is imminent as a result of Defendants' conduct, and Moki is without adequate remedy at law. Moki is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with Defendants from engaging in further infringement.

63. Moki is further entitled to recover from Defendants the damages sustained by Moki as a result of Defendants' infringement. Moki is presently unable to ascertain the full extent of monetary damages it has suffered.

64. Moki is further entitled to recover any gains, profits and advantages Defendants has obtained as a result of its infringement.

## COUNT IV

### (Unfair Competition under Cal. Bus. and Prof. Code §§ 17200 *et seq*. as Against all Defendants)

65. Moki repeats and realleges the allegations of paragraphs 1 through 64 of the Complaint as if fully set forth here.

66. Defendants' acts as alleged above constitute unfair, unlawful and fraudulent business practices and unfair competition under Cal. Bus. And Prof. Code § 17200 *et. seq.* Defendants' unlawful conduct has caused and, unless enjoined, will continue to cause, irreparable harm to Moki.

67. Further irreparable harm to Moki is imminent as a result of Defendants' conduct, and Moki is without adequate remedy at law. Moki is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with Defendants from engaging in further infringement.

68. Moki is further entitled to restitution and to recover any gains, profits and advantages Defendants has obtained as a result of its infringement.

## COUNT V

### (California Common Law Unfair Competition)

69. Moki repeats and realleges the allegations of paragraphs 1 through 68 of the Complaint as if fully set forth here.

70. This count arises under the common law of unfair competition of the State of California.

71. Defendants' activities alleged above constitute unfair competition. This unfair competition has caused and, unless enjoined, will continue to cause irreparable harm to Moki.

72. Moki has no adequate remedy at law for Defendants' acts of unfair competition, and thus is entitled to permanent injunctive relief prohibiting Defendants from continuing to engage in unfair competition.

73. In addition, Moki is entitled to recover compensatory damages in an amount according to proof and is entitled to punitive and exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Moki prays for:

1. A temporary and permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with Defendants from engaging in any further copyright, trademark, and trade dress infringement and unfair competition;

2. Recovery of any gains, profits, and advantages Defendants have obtained as a result of Defendants' unlawful actions;

3. Lost profits;

4. Restitution;

5. Disgorgement of profits;

6. All damages sustained by Moki as a result of Defendants' infringement, breach and unlawful actions;

LEWIS ROCA ROTHGERBER CHRISTIE LLP

7. Punitive damages;

8. An award to Moki of its costs in this action, including its reasonable attorneys' fees under at least 17 U.S.C. § 505 and any other applicable authority; and

9. Such other and further relief as the Court deems proper.

DATED: February 12, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER
CHRISTIE LLP

By */s/ G. Warren Bleeker*
    Gary J. Nelson
    G. Warren Bleeker
    Drew Wilson

Attorneys for Plaintiffs,
Moki International (USA) Inc. and
Moki International Pty. Ltd.

## JURY DEMAND

Moki demands a jury trial on all issues for which a jury trial is permitted.

DATED: February 12, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By_____
Gary J. Nelson
G. Warren Bleeker
Drew Wilson

Attorneys for Plaintiffs
Moki International (USA) Inc. and
Moki International Pty. Ltd.

CPS PAS1394080.5-*-02/10/16 12:06 PM